MISSISSIPPI STATE HIGHWAY COMMISSION *v.* RAMSEY, et al.

No. 43607          October 18, 1965          179 So. 2d 267

748

*Boyd, Holifield & Harper,* Laurel, for appellant.

*Lampkin Butts*, Laurel, for appellee.

Lee, C. J.

This proceeding was instituted by the Mississippi State Highway Commission against T. L. Ramsey and others

for the purpose of condemning certain property of the defendants for necessary use in the construction of the right-of-way of U. S. Interstate Highway No. 59.

The Ramseys were the owners of 79.28 acres of land, situated 4.5 miles north of the corporate limits of the City of Laurel. The property was fully described in the petition. It fronted on old Highway No. 11. The right-of-way takes 10.58 acres in the southern part of the property, leaving 1.1 acre east of the right-of-way. Access to this small acreage is inconvenient and roundabout. Such buildings as remained on this property were old and somewhat deteriorated. Besides, none of them were taken.

The substantial damages consisted of the land taken, part of which was in growing pine trees with several older pecan trees and a number of younger ones. The balance thereof was in improved pasture land. The right-of-way effectively destroyed a fish pond which covered approximately 3 acres. The value of the 1.1 acre, cut off in the southeastern corner, is largely destroyed so far as value to the tract is concerned. There was also evidence to the effect that the defendants and Randolph E. Ramsey were operating their adjacent lands as one unit, and that some damage will be caused on that account.

Here, as in many cases, there was great disparity in the values of the property, as estimated by the witnesses. On the one hand, J. W. Morgan, for the Commission, fixed the before taking value at $15,500, and the after taking value at $11,800, resulting in damages of $3,700. On the other hand, T. L. Ramsey, for himself, put these values at $95,800 and $59,800, respectively, causing damages of $35,000. J. F. Parrish, a real estate broker, fixed these values at $84,907 and $56,072, respectively, with a consequent damage of $28,835.

These values are irreconcilable. The jury viewed the property and they, apparently, did not agree with the

estimates of either side. Their verdict was for damage in the sum of $9,920.

On this appeal, the Commission contends, first, that the evidence of J. F. Parrish should have been excluded, in accordance with their motion; and second, that the verdict is shocking to the conscience and evinces passion and prejudice.

■■■ The evidence of the witness Parrish is perhaps as unreasonable in this case as his evidence was in Mississippi State Highway Commission v. Ratcliffe (Miss.) 171 S. 2d 356 (1965) where the court denominated it as "completely unbelievable and should not be regarded as evidence", and that the motion to exclude should have been sustained. In that case, because of so many errors, there was no suggestion of a remittitur. Such an error in this instance would not require an unqualified reversal.

■■■ On the question of the amount of the verdict, the Court has given due consideration to all of the evidence, as shown by the record. After thorough consideration of the entire evidence, together with due respect for the findings of the jury, the Court is driven to the conclusion that, under all of the facts and circumstances, shown in this instance, any sum in excess of $7,000 is so grossly excessive as to shock the conscience and evince passion and prejudice.

It is the opinion of the Court therefore that, unless the appellees will file, within 20 days, a remittitur in the sum of $2,920 so as to reduce the judgment to the sum of $7,000, the judgment will be reversed and the cause remanded for a new trial on the question of damages alone. If such remittitur is filed, the judgment will be affirmed for $7,000.

Affirmed conditionally on remittitur; otherwise reversed and remanded for a new trial.

*Rodgers, Brady, Patterson, and Inzer, JJ.,* concur.